UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH WEISER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2043** |
| **ELIZABETH CASTILLE, ET AL** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Second Motion to Dismiss** (Rec. Doc. 59) filed by Judge Stephen D. Enright and Judge Stephen C. Grefer is **GRANTED** and plaintiff's claims against them are **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Second Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)** (Rec. Doc. 60) filed by Morrison Law Group, PLC and Ronald W. Morrison, Jr. is **GRANTED** and plaintiff's claims against them are **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss First Amended and Supplemental Complaint for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)** (Rec. Doc. 61) filed by First Horizon Bank, successor by merger to Iberia Bank, is **GRANTED** and plaintiff's claims against it are dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Second Motion to Dismiss for Failure to State a Claim** (Rec. Doc. 63) filed by Konrad Law Firm, LLC and Gordon R. Konrad is **GRANTED** and plaintiff's claims against them are dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Renewed Motion to Dismiss** (Rec. Doc. 65)

filed by 21st Mortgage Corporation is **GRANTED** and plaintiff's claims against them are dismissed for lack of jurisdiction and for failure to state a claim.

## BACKGROUND

This matter arises out of a dispute between the children of a deceased Jefferson Parish resident, Howard Weiser, Sr. ("Weiser"), and his second wife, Deborah Weiser ("plaintiff").[1] Plaintiff filed suit in federal court after several unfavorable rulings in state court, alleging that from the beginning of her divorce, through her reconciliation, to her husband's death, and the ensuing succession process, various actors sought to deprive her of her lawful acquired property because of her race. Plaintiff alleges that Weiser's children, Elizabeth Castille and Howard Weiser, Jr., financial institutions, attorneys involved in state court litigation, judges who presided over plaintiff's state court cases, the City of Gretna; and Gretna city officials – individually and collaboratively—violated her state and federal rights. She alleges that these actors used fraudulent documents, statements, omissions, and actions in furtherance of the fraud. She argues that she should have won all of her cases in state court, but for the fraud, legal error, and racial discrimination.

Plaintiff's amended complaint invokes the following federal laws: 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), the First and Fourteenth Amendments to the Constitution, Louisiana Constitution Articles I §§ 2 and 3, the Civil Rights Act of 1964, 42 U.S.C. §§§ 1983, 1985 (2) and (3), and 1986, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt

---

[1]The Weisers married in 2004, divorced in 2014, and reconciled in 2015. They were married at the time of Weiser's death in 2018.

Collection Act, 15 U.S.C. § 1692. Plaintiff alleges pendent state law claims, invoking Louisiana Code of Civil Procedure article 863, and Louisiana Civil Code articles 2298, 2315, 2316, and for Intentional Negligence, Intentional Infliction of Emotional Distress, Conversion, Mental Anguish, Tortious Interference with Contract, Breach of Contract, and violations of the Professional Code of Conduct, and the Louisiana Tort Claims Act.[2]

Plaintiff seeks the reversal of state court decisions against her, including the return of property adjudicated in those proceedings, damages for violations of her rights, and declaratory relief.

In the motions before the court, the moving defendants seek dismissal, arguing that this court lacks subject matter jurisdiction, and that plaintiff has failed to state a claim. Movants include Judges Stephen Enright and Stephen Grefer, the state court judges who presided over plaintiff's cases; the Morrison Law Group and Ronald W. Morrison, Jr., attorneys who represented Castille in state court; the Konrad Law Firm, LLC and Gordon R. Konrad, who also represented Castille in state court; First Horizon Bank, successor by merger to Iberia Bank ("First Horizon"), where Weiser had an account; and 21st Mortgage Corporation, which held mortgages on property in which plaintiff claimed an interest.

## DISCUSSION

### A. Legal Standards

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party

---

[2] In addition, plaintiff invokes criminal statutes: Louisiana Revised Statutes title 14, sections 123 (perjury) and 133 (filing or maintaining false public records).

to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan

Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

**B. Conspiracy Claims**

Plaintiff alleges that the moving defendants violated her constitutional and federal civil rights by conspiring to allow "her rights and interest in the movable property was [sic] conferred and transferred to Elizabeth W. Castille based on an invalid act of donation inter vivos drafted by defendants attorney David H. Alfortish, Gordon R. Konrad and Michael A. Rosenblatt, filed as a Petition for Preliminary Injunction and Permanent Injunction filed by attorney Ronald W. Morrison, Jr., granted by Judge Stephen C. Grefer and judicially determined valid by Judge Stephen D. Enright Jr., and approval of 21$_{st}$ Mortgage Corporation and City of Gretna defendants." Rec. Doc. 57, Amd Complt, ¶ 93. Plaintiff further contends that by these acts, "all defendants animus [sic] and invidiously discriminated against her because she is black and Elizabeth W. Castille is white to illegally confiscate her personal real properties." Id. at ¶ 111. As a result, she seeks to have the judgments rendered against her in state court "declared null and void." Id. at ¶ 127.

The moving defendants argue, inter alia, that plaintiff's claims must be dismissed for lack of jurisdiction, failure to adequately plead fraud, and failure to state a claim. The court examines its jurisdiction first.

**The Rooker-Feldman Doctrine**

The Rooker-Feldman[3] doctrine bars federal courts from entertaining cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "A state court judgment is attacked for purposes of Rooker–Feldman 'when the [federal] claims are "inextricably intertwined" with a challenged state court judgment,' Richard v. Hoechst Celanese Chem. Grp., Inc., 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.' Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994)." Weaver v. Texas Cap. Bank N.A., 660 F.3d 900, 904 (5th Cir. 2011). Those who lose their cases in state courts have but one federal recourse, "an application for a writ of certiorari to the United States Supreme Court." Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).

The Rooker-Feldman doctrine does not prohibit a plaintiff from "'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013) (quoting Exxon Mobil Corp., 544 U.S. at 284. However, where the relief sought via the fraud claim requires reversal of the state court judgment, it is not independent. Id.; see also, e.g., Sookma v. Millard, 151 Fed. App'x 299, 300–01 (5th Cir. 2005) (Rooker–Feldman bars a federal

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

plaintiff's claim that her state-court opponents and state judges conspired to deprive her of civil rights when she sought to enjoin enforcement of a state divorce decree.). Further, "[t]he casting of a complaint in the form of a civil rights action cannot circumvent [the Rooker-Feldman doctrine], as absent a specific delegation, federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Liedtke, 18 F.3d at 317. (internal quotation and citations omitted).

As noted above, plaintiff alleges that the moving defendants conspired to violate her constitutional and civil rights when, motivated by race, they colluded to obtain, enter, and enforce state court judgments to deprive her of property and grant it to Castille. As relief, she seeks to have the judgments declared null and void.

These allegations are clearly a collateral attack on the state court judgments. Indeed, that is made crystal clear by plaintiff's allegation that the "judicial officers departed from controlling principles and incorrectly applied statutes of Louisiana Constitution in violation of her liberty and property right and interest protected under United States constitution [sic] and law." Rec. Doc. 57, Amd. Cmplt. ¶ 116. Plaintiff disagrees with the reasoning and rulings of the state court judges, and asks this court to reverse their judgments. Having appealed to the Supreme Court of Louisiana and lost, she is precisely the type of "state court loser" whose federal claims are barred by Rooker-Feldman. As such, plaintiff's claims under the United States Constitution, the Civil Rights Act, and 42 U.S.C. §§ 1983, 1985, and 1986 against all of the moving defendants must be dismissed for lack of jurisdiction.

*C. Fraud Claims*

Plaintiff has also alleged that attorney Ronald W. Morrison, Jr. made fraudulent representations to the state court and that 21st Century "knew of" the fraud. Rec. Doc. 57, Amd. Cmplt, ¶¶ 94 & 95. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). ). "The frequently stated, judicially-created standard for a sufficient fraud complaint ... instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009) (internal quotation and citations omitted). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim...." Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 206 (5th Cir. 2009).

Claims of fraud in state court litigation are not automatically considered independent claims, and thus not necessarily saved from Rooker-Feldman preclusion. Truong, 717 F.3d at 383 n. 3. However, to the extent plaintiff's fraud allegations in this case might be considered independent, rather than inextricably intertwined with the conspiracy claims, they do not meet the required particularity standard of Federal Rule 9(b). Plaintiff has failed to plead the time, place, and contents of the alleged false representation. Accordingly, the fraud claims against the Morrison defendants and 21st Century Mortgage must be dismissed for failure to state a claim.

D. *Fair Debt Collection Practices Act and Fair Credit Reporting Act claims*

    **1. Fair Debt Collection Practices Act**

The first numbered paragraph of plaintiff's amended complaint invokes the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff does not plead a specific violation of the FDCPA, but does allege that 21st Mortgage Corporation improperly held her responsible for Castille's debt. Amd. Cmplt. ¶ 99. This allegation is the only one that potentially connects to the FDCPA.

To state a prima facie case of a violation of the FDCPA, plaintiff show "(1) that [she] was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA." Douglas v. Select Portfolio Servicing, Inc., 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015) (cited with approval in Calogero v. Shows, Cali & Walsh, L.L.P., 970 F.3d 576, 581 (5th Cir. 2020)). Mortgage lenders are not "debt collectors" within the meaning of the FDCPA. Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) aff'd, 269 Fed. App'x 523 (5th Cir. 2008).

Plaintiff has not pleaded 21st Mortgage Corporation is a debt collector. Additionally, plaintiff's complaint and the documents 21st Mortgage Corporation attached to its motion motion to dismiss indicate that 21st Mortgage Corporation was a creditor, not a debt collector, at all times relevant to plaintiff's lawsuit. See 15 U.S.C. § 1692a (6). The court takes judicial notice of the order attached to 21st Mortgage Corporation's motion to dismiss, in which Judge Kovach granted 21st Mortgage Corporation executory process. Judge Kovach noted that Deborah Weiser "defaulted in the loan" that she took out with 21st Mortgage Corporation and that she did "not

present any defense to the principal amount owed on the note." Thus, even when construing all facts in favor of plaintiff, she has not stated a claim that 21st Mortgage Corporation, or any defendant, is a debt collector as defined by the FDCPA.

Additionally, an obligation arising from a commercial transaction, as opposed to a transaction "primarily for personal, family, or household purposes" is not a "debt" as defined by the FDCPA. First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135 (5th Cir. 1995) (interpreting 15 U.S.C. § 1692a(5)). Plaintiff characterizes the mobile home and the rental properties—which secured the mortgage—as a "business operation" which she "managed." Plaintiff also pleaded that she and her husband incorporated a business enterprise for which she was the registered agent. Thus, plaintiff has failed to state a claim under the FDCPA because the debt incurred was in connection with a commercial transaction. Thus, plaintiff's FDCPA claims must be dismissed.

**2. Fair Credit Reporting Act**

Plaintiff also has not pleaded a specific violation of the Fair Credit Reporting Act ("FCRA") but plaintiff does allege that 21st Mortgage Corporation made a negative report to credit agencies. Amd. Cmplt. ¶ 99. This allegation is the only one that potentially connects to the FCRA.

A plaintiff alleging that a mortgage company violated the FCRA must show that: "(1) she notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendant of the dispute; and (3) the Defendant failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation." Bacharach v. Suntrust Mortg., Inc., 2015 WL 6442493, at *3 (E.D.

10

La. Oct. 23, 2015), aff'd, 827 F.3d 432 (5th Cir. 2016). Like the FDCPA, "the FCRA does not cover reports used or expected to be used only in connection with commercial business transactions." Hall v. Phenix Investigations, Inc., 642 F. App'x 402, 405 (5th Cir. 2016) (unpublished) (citing Bacharach, 2015 WL 6442493, at *3).

Plaintiff has not pleaded that she notified a consumer reporting agency of inaccurate information. Thus, she has not adequately pleaded the elements required to sustain a FCRA claim against any defendant, even when construing the facts in her favor. Additionally, plaintiff has not stated a claim under the FCRA because the debt at issue is commercial in nature. Thus, plaintiff's FCRA claims must be dismissed.

### E. State Law Claims

Plaintiff has alleged various state law claims against the moving defendants, including, inter alia, that First Horizon improperly and illegally prevented her from accessing Weiser's accounts, while allowing Castille to do so, thereby "aid[ing] and abett[ing] Elizabeth W. Castille to confiscate, unjustly enrich, and convert money for personal use."

In the Fifth Circuit, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial" though "this rule is neither mandatory nor absolute." Batiste v. Island Recs. Inc., 179 F.3d 217, 227 (5th Cir. 1999). When deciding whether to retain jurisdiction, a court should "consider both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity . . . ." Id. Under section 1367(c), a district court may decline to exercise supplemental jurisdiction if:

> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)

In the present case, § 1367(c)(3) applies because the court is dismissing plaintiff's constitutional and federal statutory claims as to all moving parties. Additionally, judicial economy, convenience, fairness, and comity favor declining to exercise jurisdiction over plaintiff's pendent state law claims. Service of process was first executed on most parties less than a year ago, discovery has not yet begun, and no trial date has been set. These facts indicate that judicial economy favors declining to exercise jurisdiction. See Landrum v. Am. Sec. Ins. Co., 2007 WL 2490394, at *3 (E.D. La. Aug. 30, 2007). Convenience and fairness also support dismissal of pendent state law claims because plaintiff has had a full opportunity to litigate these claims already in state courts. Finally, comity supports dismissing pendent claims. Plaintiff has already appealed her related state court case to the Supreme Court of Louisiana, which denied certiorari after an unfavorable decision in the state intermediate appellate court. Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Second Motion to Dismiss** (Rec. Doc. 59) filed by Judge Stephen D. Enright and Judge Stephen C. Grefer is **GRANTED** and plaintiff's claims against them are **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Second Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)** (Rec. Doc. 60) filed by Morrison Law Group, PLC and

Ronald W. Morrison, Jr. is **GRANTED** and plaintiff's claims against them are **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss First Amended and Supplemental Complaint for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)** (Rec. Doc. 61) filed by First Horizon Bank, successor by merger to Iberia Bank, is **GRANTED** and plaintiff's claims against it are dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Second Motion to Dismiss for Failure to State a Claim** (Rec. Doc. 63) filed by Konrad Law Firm, LLC and Gordon R. Konrad is **GRANTED** and plaintiff's claims against them are dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the **Renewed Motion to Dismiss** (Rec. Doc. 65) filed by 21st Mortgage Corporation is **GRANTED** and plaintiff's claims against them are dismissed for lack of jurisdiction and for failure to state a claim.

New Orleans, Louisiana, this  14th  day of September, 2021.

           **MARY ANN VIAL LEMMON**
           **UNITED STATES DISTRICT JUDGE**