UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEBORAH B. WEISER**                         CIVIL ACTION

**VERSUS**                                    NO: 20-2043

**ELIZABETH W. CASTILLE, ET AL**              SECTION: "S" (2)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Judicial Recusal and Request [for] [Re]allotment for Review to Another Judge in a Different Division** (Rec. Doc. 110), is **DENIED**.

BACKGROUND

Plaintiff has moved for recusal of the undersigned, invoking 28 U.S.C. § 455(a), and contending that the court "should recuse because her impartiality is reasonably questionable." Rec. Doc. 110, 9. Plaintiff further states that the "request for recusal is based on a federal judge commissioning the unconstitutional acts of state court judges who are white." Id. Plaintiff believes that two state court judges ruled against her in a succession proceeding as part of a race-based conspiracy involving her stepchildren, financial institutions, attorneys involved in state court litigation, the City of Gretna, its mayor, and certain City employees. Following this court's dismissal of certain defendants, plaintiff has concluded that the undersigned "commissioned" the alleged unconstitutional acts of the state court judges, and thus seeks the court's recusal.

## DISCUSSION

Under title 28, section 455(a), a judge must recuse herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." When evaluating a recusal request, courts consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." United States v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860–61 (1988)). A reasonable and objective person's viewpoint is that of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 455 (5th Cir. 2003) (quoting Jordan, 49 F.3d at 156). Further, the origin of judge's alleged bias is relevant. Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 558 (1994)."[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

In this case, plaintiff states that the court's grant of dispositive motions dismissing Judges Grefer and Enright is proof of the court's inability to function impartially, and the motivation for her motion for recusal. This is not a valid basis for recusal. Further, plaintiff has not pointed to any facts in the record, which if known to a reasonable and objective person, would cause them to harbor doubts concerning the court's impartiality. Simply put, plaintiff has failed to identify any valid basis for the court to recuse itself, and accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Judicial Recusal and Request [for] [Re]allotment for Review to Another Judge in a Different Division** (Rec. Doc. 110), is **DENIED**.

New Orleans, Louisiana, this __4th__ day of November, 2021.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE