UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH WEISER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2043** |
| **ELIZABETH CASTILLE, ET AL** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure** (Rec. Doc. 103) filed by Elizabeth Castille is **GRANTED** and plaintiff's claims against her are **DISMISSED** for lack of jurisdiction.

BACKGROUND

Elizabeth Castille, movant herein, was the defendant in underlying state court litigation brought by plaintiff, Deborah Weiser ("plaintiff") to nullify certain acts of donation of real property by Castille's father, Howard Weiser, Sr. ("Weiser") to Castille.[1] By judgment dated April 30, 2019, the 24th Judicial District Court rendered judgment in favor of Castille. Plaintiff herein appealed to the Louisiana Fifth Circuit Court of Appeal, which affirmed in an opinion dated March 17, 2020. The Louisiana Supreme Court denied writs on October 14, 2020.

Plaintiff disagrees with these rulings. She contends that as part of a racially-motivated conspiracy, the state courts failed to properly apply the Louisiana law of res judicata, and if they had done so, the rulings would have been in her favor. Plaintiff filed the instant federal suit

---

[1] Weiser (Castille's father) and plaintiff were married in 2004, divorced in 2014, and reconciled in 2015. They were married at the time of Weiser's death in 2018.

seeking the reversal of state court decisions against her, including the return of property adjudicated in those proceedings, damages for violations of her rights, and declaratory relief.[2] In her federal suit, plaintiff alleges that Castille, her brother, Howard Weiser, Jr., financial institutions, attorneys involved in state court litigation, judges who presided over plaintiff's state court cases, the City of Gretna; and Gretna city officials – individually and collaboratively – violated her state and federal rights. She alleges that these actors used fraudulent documents, statements, omissions, and actions in furtherance of the fraud. She argues that she should have won all of her cases in state court, but for the fraud, legal error, and racial discrimination.

In the instant motion, defendant Elizabeth Castille seeks dismissal,[3] arguing that this court lacks subject matter jurisdiction, based on the Rooker-Feldman doctrine. Plaintiff opposes, arguing that the Rooker-Feldman doctrine is inapplicable because the state court judgments against her are void because they were procured through fraud.

---

[2] Plaintiff's amended complaint invokes the following federal laws: 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), the First and Fourteenth Amendments to the Constitution, Louisiana Constitution Articles I §§ 2 and 3, the Civil Rights Act of 1964, 42 U.S.C. §§§ 1983, 1985 (2) and (3), and 1986, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt Collection Act, 15 U.S.C. § 1692. Plaintiff alleges pendent state law claims, invoking Louisiana Code of Civil Procedure article 863, and Louisiana Civil Code articles 2298, 2315, 2316, and for Intentional Negligence, Intentional Infliction of Emotional Distress, Conversion, Mental Anguish, Tortious Interference with Contract, Breach of Contract, and violations of the Professional Code of Conduct, and the Louisiana Tort Claims Act. In addition, plaintiff invokes criminal statutes: Louisiana Revised Statutes title 14, sections 123 (perjury) and 133 (filing or maintaining false public records).

[3] The court previously dismissed the following defendants based on lack of jurisdiction: Judge Stephen D. Enright; Judge Stephen C. Grefer; Morrison Law Group, PLC, Ronald W. Morrison, Jr., First Horizon Bank, Konrad Law Firm, LLC, Gordon R. Konrad, and 21st Mortgage Corporation.

## DISCUSSION

### *Legal Standard*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

### *The Rooker-Feldman Doctrine*

The Rooker-Feldman[4] doctrine bars federal courts from entertaining cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "A state court judgment is attacked for purposes of Rooker–Feldman 'when the [federal] claims are "inextricably intertwined" with a challenged state court judgment,' Richard v. Hoechst Celanese Chem. Grp., Inc., 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.' Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994)." Weaver v. Texas Cap. Bank N.A., 660 F.3d 900, 904

---

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

(5th Cir. 2011). Those who lose their cases in state courts have but one federal recourse, "an application for a writ of certiorari to the United States Supreme Court." <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir. 1994).

The <u>Rooker-Feldman</u> doctrine does not prohibit a plaintiff from "'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" <u>Truong v. Bank of Am., N.A.</u>, 717 F.3d 377, 382 (5th Cir. 2013) (quoting <u>Exxon Mobil Corp.</u>, 544 U.S. at 284. However, where the relief sought via the fraud claim requires reversal of the state court judgment, it is not independent. <u>Id.</u>; <u>see also, e.g.</u>, <u>Sookma v. Millard</u>, 151 Fed. App'x 299, 300–01 (5th Cir. 2005) (<u>Rooker–Feldman</u> bars a federal plaintiff's claim that her state-court opponents and state judges conspired to deprive her of civil rights when she sought to enjoin enforcement of a state divorce decree.). Further, "[t]he casting of a complaint in the form of a civil rights action cannot circumvent [the <u>Rooker-Feldman</u> doctrine], as absent a specific delegation, federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." <u>Liedtke</u>, 18 F.3d at 317. (internal quotation and citations omitted).

In this case, plaintiff alleges that the moving defendants conspired to violate her constitutional and civil rights when, motivated by race, they colluded to obtain, enter, and enforce state court judgments to deprive her of property and grant it to Castille. As relief, she seeks to have the judgments declared null and void.

These allegations are clearly a collateral attack on the state court judgments. Indeed, that is made crystal clear by plaintiff's allegation that the "judicial officers departed from controlling

principles and incorrectly applied statutes of Louisiana Constitution in violation of her liberty and property right and interest protected under United States constitution [sic] and law." Rec. Doc. 57, Amd. Cmplt. ¶ 116. Likewise, in her opposition to the instant motion, plaintiff argues that she "files this independent action collaterally attacking a second judgment rendered in state court . . . ." Rec. Doc. 112-1, 7. Plaintiff strenuously maintains that proper application of state res judicata would have barred the unfavorable rulings. This is a disagreement with the reasoning and rulings of the state court judges, which plaintiff asks this court to reverse. Having appealed to the Supreme Court of Louisiana and lost, she is precisely the type of "state court loser" whose federal claims are barred by Rooker-Feldman. As such, plaintiff's claims under the United States Constitution, the Civil Rights Act, and 42 U.S.C. §§ 1983, 1985, and 1986 against Castille must be dismissed for lack of jurisdiction.

***State Law Claims***

Plaintiff has alleged various state law claims against the all defendants. In the Fifth Circuit, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial" though "this rule is neither mandatory nor absolute." Batiste v. Island Recs. Inc., 179 F.3d 217, 227 (5th Cir. 1999). When deciding whether to retain jurisdiction, a court should "consider both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity . . . ." Id. Under section 1367(c), a district court may decline to exercise supplemental jurisdiction if:

(1) a claim raises a novel or complex issue of state law; (2) the claim substantially

> predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)

In the present case, § 1367(c)(3) applies because the court is dismissing plaintiff's constitutional and federal statutory claims as to Castille. Additionally, judicial economy, convenience, fairness, and comity favor declining to exercise jurisdiction over plaintiff's pendent state law claims. Service of process was first executed on most parties less than a year ago, discovery has not yet begun, and no trial date has been set. These facts indicate that judicial economy favors declining to exercise jurisdiction. See Landrum v. Am. Sec. Ins. Co., 2007 WL 2490394, at *3 (E.D. La. Aug. 30, 2007). Convenience and fairness also support dismissal of pendent state law claims because plaintiff has had a full opportunity to litigate these claims already in state courts. Finally, comity supports dismissing pendent claims. Plaintiff has appealed her related state court case to the Supreme Court of Louisiana, which denied certiorari after an unfavorable decision in the state intermediate appellate court. Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure** (Rec. Doc. 103) filed by Elizabeth Castille is **GRANTED**

and plaintiff's claims against her are **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, this  30th  day of November, 2021.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**