UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH WEISER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2043** |
| **ELIZABETH CASTILLE, ET AL** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure** (Rec. Doc. 126) filed by Howard Weiser, Jr. is **GRANTED** and plaintiff's claims against him are **DISMISSED** for lack of jurisdiction.

BACKGROUND

Howard Weiser, Jr. ("Weiser, Jr."), movant herein, is the son of plaintiff's deceased husband, Howard Weiser, Sr. In underlying state court litigation, plaintiff, Deborah Weiser ("plaintiff"), sought to nullify certain acts of donation of real property by Howard Weiser, Sr. to his daughter (movant's sister), Elizabeth Castille.[1] By judgment dated April 30, 2019, the 24th Judicial District Court rendered judgment in favor of Castille. Plaintiff herein appealed to the Louisiana Fifth Circuit Court of Appeal, which affirmed in an opinion dated March 17, 2020. The Louisiana Supreme Court denied writs on October 14, 2020.

Plaintiff disagrees with these rulings. She contends that as part of a racially-motivated conspiracy, the state courts failed to properly apply the Louisiana law of res judicata, and if they

---

[1] Weiser, Sr. (Castille and Weiser, Jr.'s father) and plaintiff were married in 2004, divorced in 2014, and reconciled in 2015. They were married at the time of Weiser's death in 2018.

had done so, the rulings would have been in her favor. Plaintiff filed the instant federal suit seeking the reversal of state court decisions against her, including the return of property adjudicated in those proceedings, damages for violations of her rights, and declaratory relief.[2] In her federal suit, plaintiff alleges that Weiser, Jr., along with Elizabeth Castille, financial institutions, attorneys involved in state court litigation, judges who presided over plaintiff's state court cases, the City of Gretna, and Gretna city officials – individually and collaboratively – violated her state and federal rights. She alleges that these actors used fraudulent documents, statements, omissions, and actions in furtherance of the fraud. She argues that she should have won all of her cases in state court, but for the fraud, legal error, and racial discrimination.

Plaintiff further specifically alleges as to Weiser, Jr., that he removed an ice machine from property at 1518 Claire Avenue without her prior approval or consent, that together with his sister, he moved tangible property of substantive value from plaintiff's residence and business rental property, that he conspired with other defendants to cause a $23,000 loss to plaintiff's washateria and vending business, and that he and others colluded to deprive her of real and

---

[2] Plaintiff's amended complaint invokes the following federal laws: 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), the First and Fourteenth Amendments to the Constitution, Louisiana Constitution Articles I §§ 2 and 3, the Civil Rights Act of 1964, 42 U.S.C. §§§ 1983, 1985 (2) and (3), and 1986, the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt Collection Act, 15 U.S.C. § 1692. Plaintiff alleges pendent state law claims, invoking Louisiana Code of Civil Procedure article 863, and Louisiana Civil Code articles 2298, 2315, 2316, and for Intentional Negligence, Intentional Infliction of Emotional Distress, Conversion, Mental Anguish, Tortious Interference with Contract, Breach of Contract, and violations of the Professional Code of Conduct, and the Louisiana Tort Claims Act. In addition, plaintiff invokes criminal statutes: Louisiana Revised Statutes title 14, sections 123 (perjury) and 133 (filing or maintaining false public records).

personal property.[3]

In the instant motion, defendant Weiser, Jr. seeks dismissal,[4] arguing that this court lacks subject matter jurisdiction, based on the Rooker-Feldman doctrine. In opposition, plaintiff maintains the argument she has made throughout these proceedings: that the state court judge was not duly authorized to issue the judgments unfavorable to her, and thus that they should be reversed and their consequences unwound.

## DISCUSSION

*Legal Standard*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

---

[3] First Amended Complaint, ¶¶ 14, 27, 46, 47.

[4] The court previously dismissed the following defendants based on lack of jurisdiction: Judge Stephen D. Enright; Judge Stephen C. Grefer; Morrison Law Group, PLC, Ronald W. Morrison, Jr., First Horizon Bank, Konrad Law Firm, LLC, Gordon R. Konrad, and 21st Mortgage Corporation, and Elizabeth Castille.

*The Rooker-Feldman Doctrine*

The Rooker-Feldman[5] doctrine bars federal courts from entertaining cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "A state court judgment is attacked for purposes of Rooker–Feldman 'when the [federal] claims are "inextricably intertwined" with a challenged state court judgment,' Richard v. Hoechst Celanese Chem. Grp., Inc., 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.' Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994)." Weaver v. Texas Cap. Bank N.A., 660 F.3d 900, 904 (5th Cir. 2011). Those who lose their cases in state courts have but one federal recourse, "an application for a writ of certiorari to the United States Supreme Court." Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).

The Rooker-Feldman doctrine does not prohibit a plaintiff from "'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013) (quoting Exxon Mobil Corp., 544 U.S. at 284). However, where the relief sought via the fraud claim requires reversal of the state court judgment, it is not independent. Id.; see also, e.g., Sookma v. Millard, 151 Fed. App'x 299, 300–01 (5th Cir. 2005) (Rooker–Feldman bars a federal

---

[5] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

plaintiff's claim that her state-court opponents and state judges conspired to deprive her of civil rights when she sought to enjoin enforcement of a state divorce decree.). Further, "[t]he casting of a complaint in the form of a civil rights action cannot circumvent [the Rooker-Feldman doctrine], as absent a specific delegation, federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Liedtke, 18 F.3d at 317. (internal quotation and citations omitted).

In this case, plaintiff alleges that Weiser, Jr., together with numerous other defendants conspired to violate her constitutional and civil rights when, motivated by race, they colluded to obtain, enter, and enforce state court judgments to deprive her of property and grant it to his sister, Elizabeth Castille. As relief, she seeks to have the judgments declared null and void.

As the court has previously noted, these allegations are a collateral attack on the state court judgments. Plaintiff strenuously maintains that the unfavorable result in state court was due to an improper failure to apply state res judicata, which, if properly applied, would have barred the unfavorable rulings. This is a disagreement with the reasoning and rulings of the state court judges, which plaintiff asks this court to reverse. Having appealed to the Supreme Court of Louisiana and lost, she is precisely the type of "state-court loser" whose federal claims are barred by Rooker-Feldman. As such, to the extent plaintiff seeks to recover from Howard Weiser, Jr. under the United States Constitution or federal law, those claims must be dismissed for lack of jurisdiction.

***State Law Claims***

Plaintiff has alleged state law claims against Weiser, Jr. related to depriving of her of

certain property, including an ice machine, other "tangible property of substantive value", and $23,000 in lost income from a washateria and vending business. In the Fifth Circuit, the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial" though "this rule is neither mandatory nor absolute." Batiste v. Island Recs. Inc., 179 F.3d 217, 227 (5th Cir. 1999). When deciding whether to retain jurisdiction, a court should "consider both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity . . . ." Id. Under section 1367(c), a district court may decline to exercise supplemental jurisdiction if:

> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)

In the present case, § 1367(c)(3) applies because the court is dismissing plaintiff's constitutional and federal statutory claims as to Weiser, Jr. Further, plaintiff has already had a full opportunity to litigate her state law claims in state courts. Plaintiff has appealed her related state court case to the Supreme Court of Louisiana, which denied certiorari after an unfavorable decision in the state intermediate appellate court. Thus, judicial economy, fairness, and comity favor declining to exercise jurisdiction over plaintiff's pendent state law claims. Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(1) of**

**the Federal Rules of Civil Procedure** (Rec. Doc. 126) filed by Howard Weiser, Jr. is **GRANTED** and plaintiff's claims against him are **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, this  14th   day of March, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**